# JULY, 1945

JEFF GRAHAM V. C. E. AND C. L. DEAN.

No. A-537. Decided May 16, 1945.
Rehearing overruled July 11, 1945.
(188 S. W., 2d Series, 372.)

*Hay & Hudspeth* and *Lew S. Hay*, of Lubbock, for appellant.

Because of the illegality of the contract the parties were in pari delicto as to the contract and also particeps criminus as to the act contemplated by it and the court will not aid them in any action founded on the illegal contract. Seelingson v. Lewis & Williams, 65 Texas 215; Payne v. Bassett, 235 S. W. 917; Langever v. Doyle, 44 S. W. (2d) 1050.

*Bean, Evans & Croslin, Robert Bean* and *Rayford L. Ball,* all of Lubbock, for appellee.

This being an action for damages based on defendant's negligence in the manner of unloading the cotton conditioner, defendant cannot escape liability on the ground that the contract was illegal. Huie v. Lay, 170 S. W. (2d) 823; Frost v. Plumb, 40 Conn. 111, 12 Am. Rep., 18; Houston & T. C. R. Co. v. Commons, 160 S. W. 1107; Chicago, R. I. & G. Ry. Co. v. Manby, 207 S. W. 157.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Plaintiff's employed defendant to haul a cotton conditioner machine by truck over the public highways from Dallas to Spade, Texas. Defendant negligently damaged the machine in unloading it at destination. The defendant held a "specialized motor carrier" permit from the Roalroad Commission authorizing him to transport farm machinery and certain other goods over the highways in certain parts of West Texas, but did not have a permit to haul gin machinery. It was unlawful for defendant to haul the machine without the permit. Vernon's Ann. Civ. Stat., Art. 911b; Vernon's Ann. P. C., Art. 1690. The plaintiffs set out the

contract and sought judgment against defendant for the damages to the machine. The defendant alleged the illegality of the contract and sought to avoid liability on account thereof.

The Court of Civil Appeals has certified to this Court the question as to whether, under the circumstances, the illegality of the transaction precluded a recovery by plaintiffs against the defendant for the damages to the machine occasioned by the negligence of the defendant in handling the same.

■ The certificate from the Court of Civil Appeals does not disclose whether plaintiffs did or did not know that the defendant did not have a certificate from the Railroad Commission which would permit him to haul the machinery. However, the transcript has been sent up with the certificate, and the findings of the trial court embodied therein contain a finding that plaintiffs did not know that the defendant did not have such a permit. Originally, the statute authorized the Court of Civil Appeals to send up the record with a certified question only where there was a dissenting opinion. Rev. Stats., Art. 1853; Rule 464, Texas Rules of Civil Procedure. Consequently, it was held that in the ordinary certified question, where there was no dissenting opinion, the Supreme Court could not look to the record for information not contained in the certificate. Pohle v. Robertson, 102 Texas 274, 115 S. W. 1166; McManus v. Cash & Luckel, 101 Texas 261, 108 S. W. 800, 804. However, in the above cases the Court apparently recognized that in those cases where the Civil Court of Appeals was authorized to send up the record, the Court could look to the transcript for information not contained in the certificate. This would seem to necessarily follow, for obviously the purpose in requiring the transcript to accompany the certificate is to make it available for the enlightement of the Supreme Court. See also Watkins v. Minter, 107 Texas 428, 180 S. W. 227; Houston North Shore Line v. Tyrrell, 128 Texas 248, 99 S. W. (2d) 786. A certified question may now be accompanied with the entire record in any case. Rule 466. We hold that where the record accompanies the certificate the Supreme Court may look to the findings of fact as embodied therein as the basis for its answers. Our answer in this case is based on such finding.

■ The rule that a court will not entertain a suit growing out of an illegal transaction is not always applicable where the parties are not in pari delicto. 17 C. J. S. 660; 12 Am. Jur. 734; 10 Tex. Jur. 239; American National Insurance Co. v. Tabor, 111 Texas 155, 230 S. W. 297. This is especially true where the

illegality of the transaction depended on the existence of peculiar facts which were known to the defendant but unknown to plaintiff, and plaintiff had no intention of violating the law. 17 C. J. S. 679; 13 C. J. 516; 12 Am. Jur. 648; 10 Tex. Jur. 195. In 17 C. J. S., p. 680, sec. 292, it is said:

"Thus, where a person sues for services rendered another in an occupation which is illegal, unless the employer is duly licensed to carry it on, which he is not, such person may recover unless he knew that the employer had no license, for while he is bound to know that the employer must have a license to make the business legal, his mistake as to his having such license is a mistake of fact and not of law."

In De Marais v. Stricker, 152 Ore. 362, 53 Pac. (2d) 715, 718, it is said:

"While it is true that the Oregon City Funeral Home was not a licensed funeral director when plaintiff was in its employment, nevertheless plaintiff testified that he was unaware of the fact that his employers were not so licensed. Recovery from an employer may be had for services rendered in an occupation which is illegal because a license is required and none has been purcured unless the employee knew that the employer had no license, for, while the employee is bound to know that to make the business legal the employer must have a license, the employee's mistake in thinking that his employer had such a license, when in fact the employer had none, is a mistake of fact and not of law. 13 C. J. subject Contract, p. 516, sec. 474(2), note 65, citing Roys v. Johnson, 7 Gray (Mass.) 162; Emery v. Kempton, 2 Gray (Mass.) 257."

We think the above rule is applicable in this case. Here the transaction was not necessarily an illegal one. The defendant could have had a permit to haul the gin machinery, and if he had had such a permit as plaintiff thought he had, the transaction would have been perfectly legal. The plaintiffs had no intention of violating the law. They had no knowledge of the facts which rendered the contract illegal, whereas the defendant knew full well that he would have to violate the law if he executed the contract. It would be in derogation and not in furtherance of the public policy of this State to permit the defendant to set up his own illegal conduct to defeat his obligation to plaintiffs, who were ignorant to the fact rendering the transaction illegal.

Under the circumstances the illegality of the transaction does not preclude a recovery by plaintiffs against the defendant for the damages in question. We answer the question in the negative.

Opinion delivered May 16, 1945.

Rehearing overruled July 11, 1945.