**W. L. NORMAN, Appellant,**

v.

**B. V. CHRISTIE & CO. et al., Appellees.**

**No. 13937.**

Court of Civil Appeals of Texas.

Houston.

Nov. 29, 1962.

Rehearing Denied Dec. 20, 1962.

**176**

John H. Jenkins and Herbert Finkelstein, Houston, for appellant.

Milas C. Bradford, Jr., Houston, attorney, and Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is a suit for contribution between joint venturers arising by reason of a judgment against appellee, B. V. Christie & Co., in favor of the City of Houston.

The case was tried to the court without a jury and no findings of fact or conclusions of law were requested or filed. The parties stipulated that B. V. Christie & Co. paid to W. L. Norman $4,000.00 in cash, which amount represented one-half of the fee received by B. V. Christie & Co., after deducting expenses, for services rendered as fiscal agent to Harris County Fresh Water Supply District No. 23.

Appellant has conceded that the facts set out in appellees' pleadings, and quoted, or summarized below, are true:

"W. L. Norman was associated with B. V. Christie & Co. under a contract by virtue of which he was entitled to a percentage of the net profit on any transactions or business which he originated and were accepted by B. V. Christie & Co." It was through the efforts of W. L. Norman that B. V. Christie & Co. secured a contract with Harris County Fresh Water Supply District No. 23 to act as its fiscal agent and financial adviser. B. V. Christie & Co. was paid $9,750.00 by the District and "delivered to W. L. Norman fifty per cent of that amount (less certain expenses) which represented Norman's share of the Fiscal Agent's fee in accordance with the contract between Norman and Christie." Thereafter the District sued Christie and in Cause No. 426,876–C, which, on appeal, is reported in Tex.Civ.App., 317 S.W.2d 219, recovered $9,750.00 plus interest from June 28, 1957.

In Cause No. 426,876–C in the District Court of Harris County, Texas, the trial court found as a fact that the contract between Christie and the District resulted in granting to Christie a discount on the bonds issued by the District which Christie purchased. The District bonds were sold to Ketcham & Nongard. Christie participated in the purchase and thereafter received and sold some of the bonds at a profit. The trial court concluded as a matter of law that the payment by the District to Christie of the $9,750.00 fiscal agent's fee violated Article 7939, Texas Revised Civil Statutes, requiring such bonds to be sold at not less than their face value and accrued interest. These findings and conclusions were introduced into evidence apparently by agreement. Norman was not joined as a defendant in the suit for recovery of this fee and judgment was rendered against Christie only. The Court of Civil Appeals affirmed the judgment of the trial court. Christie has paid the judgment.

It is not questioned that the agreement between Norman and Christie constituted them partners or joint venturers. Ordinarily a partnership or a joint venture implies a community of interest both as to profits and losses, if any. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 59 A.L.R.2d 1011. The judgment paid by Christie was

a result of liability incurred in the prosecution of the joint venture, and the rule is well established that one partner paying a firm debt has a right to contribution from the other members of the partnership. 32 Tex.Jur., Partnership, § 57, pp. 308–310.

Appellant contends that since appellees by this suit seek to recover profits arising from the sale of water district bonds in violation of Art. 7939, T.R.C.S., and the public policy of the State of Texas, the court erred in failing to leave the parties where it found them and in entertaining this suit.

The Supreme Court of Texas considered the rules of law applicable to such cases in Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146, where the Court said:

"The general rule that denies relief to a party to an illegal contract is expressed in the maxim, In pari delicto potior est conditio defendantis. 17 C. J.S. Contracts Sec. 272, p. 656. The rule is adopted, not for the benefit of either party and not to punish either of them, but for the benefit of the public. 12 Am.Jur. p. 729, Sec. 214. In many cases relief is granted to the party who is not in pari delicto. American National Ins. Co. v. Tabor, 111 Tex. 155, 230 S.W. 397; Pioneer Mutual Compensation Corp. v. Diaz, 142 Tex. 184, 177 S.W.2d 202; Graham v. Dean, 144 Tex. 61, 188 S.W.2d 372; 12 Am.Jur. pp. 734, 735, Sec. 217. It has been said that even where the parties are in pari delicto relief will sometimes be granted if public policy demands it. 12 Am.Jur. pp. 729, 730, Sec. 214. There is often involved, in reaching a decision as to granting or withholding relief, the question whether the policy against assisting a wrongdoer outweighs the policy against permitting unjust enrichment of one party at the expense of the other. The solution of the question depends upon the peculiar facts and the equities of the case, and the answer usually given is that which it is thought will better serve public policy. Graham

v. Dean, 144 Tex. 61, 188 S.W.2d 372; Scott's The Law of Trusts, Vol. 3, pp. 2196–2197, Sec. 422; Benefits under Illegal Transactions, by John W. Wade, 25 Tex.Law Review, pp. 31–62."

The contract tainted with illegality is the contract between Christie, acting for the joint venture, and the Water District. The agreement between Christie and Norman establishing the basis for joint participation in the venture was not illegal. This agreement, however, did not form a general partnership. The parties were to be associated only in items of business originated by Norman and accepted by Christie. Proof of this agreement, the judgment against Christie, and of the release showing payment could not establish that Norman was liable for contribution. Introduction into evidence of the contract between Christie and Norman would not establish that Norman participated in the particular transaction out of which liability to the District arose. It was necessary that evidence be produced showing that the employment of Christie & Co. by the District resulted from negotiations begun by Norman, and that the judgment against Christie was an obligation of the joint venture.

In Stone v. Robinson, Tex.Com.App., 234 S.W. 1094, the court said:

"* * * To determine if a demand connected with an illegal act can be enforced, the test is whether the plaintiff requires any aid from the illegal transaction to establish his case. If he does, then he cannot maintain his action. If he does not, the illegal transaction is not permitted to be a defense to his cause of action. Read v. Smith, 60 Tex. 379; Wiggins v. Bisso, 92 Tex. [219] 222, 47 S.W. 637, 71 Am.St.Rep. 837; Oliphant v. Markham, 79 Tex. [543] 547, 15 S.W. 569, 23 Am.St.Rep. 363."

In Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202, the court said: "* * * The test of whether a demand connected with an illegal trans-

action may be enforced at law is whether or not a case may be established without reliance on the illegal transaction."

In Morrison v. City of Fort Worth, 138 Tex. 10, 155 S.W.2d 908, the Supreme Court of Texas said:

"In the case at bar the plaintiff sues for that which a valid law of the State compelled the City to pay her deceased husband. She seeks recovery, not under the contract, but under a mandatory State statute. In order to establish her cause of action the plaintiff requires no aid from the illegal contract. Under such a record, the illegal contract constitutes no bar to the plaintiff's cause of action. This is because of the settled rule in this State that, even though a demand is in some way connected with an illegal transaction, still recovery may be had if the plaintiff requires no aid from the illegal transaction to establish his case. Oliphant v. Markham, 79 Tex. 543, 15 S.W. 569, 23 Am.St.Rep. 363; Beer v. Landman, 88 Tex. 450, 31 S.W. 805; Hall v. Edwards, Tex.Com.App., 222 S.W. 167."

■ While we have found no case in which a partner sought contribution by reason of the payment of an obligation arising out of an illegal contract, a proper disposition of such a case depends on whether or not the plaintiff requires aid from the illegal transaction to establish his case. In making such a determination it is necessary to bear in mind the rule that if a party can show a complete cause of action without being obliged to prove his own illegal act, although said illegal act may appear incidentally and may be important in explanation of other facts in the case, he may recover. City of Galveston v. O'Mara, Tex. Civ.App., 146 S.W.2d 416, aff'd 138 Tex. 16, 155 S.W.2d 912.

■ In order to prove that the judgment was a liability of the joint venture, it might have become necessary to prove the contract between Christie and the District, not for the purpose of enforcing the contract, but to show that the judgment was an obligation of the joint venture. It was not necessary to introduce the contract into evidence in this case for the reason that appellant, in his pleadings, admitted participation in the joint venture from which the judgment resulted. However, it appears from appellees' pleadings that the judgment secured against Christie & Co. was based on findings of fact that the payment made to Christie & Co. by the District was in violation of the laws of the State of Texas.

In any event, proof of the illegal contract merely appears incidentally in explanation of the judgment rendered against Christie & Co. Proof of the terms of the contract between Christie & Co. and the District was not required in order for Christie & Co. to establish a complete cause of action against Norman. Neither was it necessary to show the facts developed in the trial at which the City of Houston recovered the judgment against Christie & Co. The rule of City of Galveston v. O'Mara, supra is applicable.

■ Appellees contend that in this case the public policy against permitting unjust enrichment outweighs the policy against assisting a wrongdoer. They contend that the public policy would be better served by requiring appellant to give up his profit than by denying appellees assistance in recouping their loss. The parties are in pari delicto. There is no suggestion in the record that either of the parties had any specific intent to commit an illegal act. Since it is not the purpose of this rule of law to benefit or punish either of the parties, we consider that the policy against permitting unjust enrichment outweighs the policy against assisting a wrongdoer. Lewis v. Davis, supra.

Appellees' cause of action is not based on appellant's duty to return to appellees money paid to him under a mistake of fact as to the profit realized by the venture. The relief sought is enforcement of the obligation as-

sumed by appellant as a participant in the joint venture to share the losses, if any, as well as the profits.

Appellees have assigned error to the action of the trial court in failing to render judgment in their favor for the additional sum of $875.00, which was one-half of the expense incurred in rendering the services required by the contract with the District, and was deducted from the supposed profit before appellant received his share. Appellees have paid the judgment in full. The judgment in amount of $9,750.00 plus interest was an obligation of the joint venture. Appellees' cross-point is sustained.

The judgment of the trial court is reformed to award appellees a recovery of $4,875.00 plus interest at 6% from June 28, 1957, together with costs, and, as reformed, is affirmed.