C. C. RODDY, INC., Appellant,

v.

W. Paul CARLISLE et al., Appellees.

No. 16639.

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1965.

Rehearing Denied June 25, 1965.

Chester A. Oehler, Dallas, for appellant.

Fanning, Billings, Harper, Pierce & Gilley, and William F. Billings, Dallas, for appellees.

LANGDON, Justice.

C. C. Roddy, Inc., appellant, sued M. E. Oden, Oden Contracting Company and W. Paul Carlisle, appellee. The latter was sued individually and as a joint adventurer with M. E. Oden for labor, equipment and supplies furnished in connection with various State Highway construction jobs which Carlisle and Oden, or Carlisle and Oden Contracting Company had contracted to perform for the State of Texas.

Judgment was rendered against M. E. Oden and Oden Contracting Company, jointly and severally, on jobs not involving Carlisle. Judgment notwithstanding the verdict was rendered that appellant take nothing against Carlisle, which portion of the judgment has been appealed to this Court. No appeal as to M. E. Oden and Oden Contracting Company has been perfected.

By its point of error No. 1, appellant complains generally of reversible error by references to paragraphs Nos. 1 and 3 through 10 of its amended motion for new trial. Paragraphs 1 and 10 allege reversible error and that the judgment is contrary to the law and evidence but is silent as to any specific information as a basis therefor.

Paragraphs 3 through 5 contend it was reversible error for the court to disregard the jury findings of joint adventure in response to special issues Nos. 1A, 4A and 7A. The propriety of the court's action in this regard is, in our opinion, the principal question to be resolved. It will be discussed later.

Paragraphs 6 through 8 complain of the court's action in disregarding the jury's answers to special issues Nos. 3, 6 and 9. There is no merit to this contention as the appellant was granted judgment against M. E. Oden and Oden Contracting Company in an amount which included the amounts found by the jury in response to these three issues. No inquiry was made in such issues as to the identity of the person or company from which appellant was entitled to receive compensation.

Paragraph 9 complained that the court erred in disregarding the jury's finding that $3,255.00 was the reasonable value of attorney's services. The court did not disregard this answer because the appellant was given judgment against Oden and Oden Contracting Company for attorney's fees in the amount of $3,500.00.

In our opinion all of the grounds contained in the various paragraphs of appellant's first amended motion for new trial, except paragraphs 3 through 5, are without merit as being too general in character or untenable in view of the judgment rendered for appellant against Oden and Oden Contracting Company.

Point of error No. 2 complains generally of the action of the court in the absense of a motion to disregard jury findings. We find no basis for this contention. The record reflects that the appellee filed a motion for dismissal, and alternatively, for judgment non obstante veredicto on January 17, 1964. Appellant's attorney was furnished a copy thereof on the same day. The appellee's motion urged the court to disregard certain jury findings on issues inquiring as to "a joint adventure" between appellee and Oden on one hand, and appellee and Oden Contracting Company on the other hand. The court did so and final judgment was rendered on May 6, 1964.

This brings us to the question involving the propriety of the court's action in disregarding the jury's findings on the issues relating to joint adventure. In our opinion the action of the court was proper. We affirm.

The appellant's original petition and exhibits including statements for various items attached thereto reflect that (1) C. C. Roddy, not C. C. Roddy, *Inc.*, dealt with M. E. Oden rather than with W. Paul Carlisle and Oden, or W. Paul Carlisle and Oden Contracting Company, as joint venturers; (2) on each job statements were presented to M. E. Oden. The corporate existence was ignored as to both C. C. Roddy, Inc., and Oden Contracting Company.

The entire course of dealings reflected by the record are to the effect that appellant dealt with M. E. Oden and looked to him for payment in each case. The statements rendered by C. C. Roddy to M. E. Oden were addressed to M. E. Oden. The statements submitted to C. C. Roddy were by M. E. Oden or Oden Contracting Company, as were all of the checks and check stubs in evidence. Check stubs placed in evidence by appellant show amounts paid by Oden Contracting Company to Roddy, while Roddy was employed by Oden Contracting Company as a superintendent.

Contents of a letter relate to a loan to Roddy by Empire State Bank, co-signed by Oden Contracting Company and states that Roddy has eight to ten thousand dollars "coming from me". A letter dated August 18, 1962, from Roddy to Carlisle says, "I dealt with Mr. Oden on the Wood Co. and Bowie Co. jobs * * *". At another point, "I turned the record over to M. E. Oden, for payment." A letter from Roddy to Carlisle refers to payments by Oden and charges of fuel and oil to Oden, and the co-signing of the Empire State Bank $6,000.00 note by Oden. Another letter from Roddy to Carlisle contains the following language: "I rented Mr. M. E. Oden * * *", and "I also rented him a Model 'M' Farmall Tractor * * *". In the third paragraph

he stated, "Mr. Oden has given me one check * * *".

C. C. Roddy, when asked how soon did he know that Oden was in financial difficulties after he started the work for Oden, said he was told by different parties, the Highway Department, and believed Mr. Oden told him also, and found out that Oden could not charge at a lot of places, "so I decided that possibly I should have Mr. Carlisle come into this picture, too. So that was the reason for letting him know what Mr. Oden's and I agreement was." At the time he notified Carlisle, virtually all of the work had been performed and he had not gotten paid. Roddy was asked whether he had previous contact with Carlisle before he started getting reports about Oden's credit. He answered, "Oh, I saw Mr. Carlisle on the job a time or two when he was finishing, but I didn't discuss anything." Roddy's testimony is replete with instances wherein he states definitely he was dealing with Oden. In essence Roddy's testimony is that he dealt with Oden exclusively. He had no conversations with Paul Carlisle or discussions and made no demands upon him at any time until this suit was filed. He testified that he did know that Oden and Paul Carlisle had a prime contract with the State of Texas.

The prime contracts with respect to the Smith-Wood, Bowie and Waller County jobs, do not create a joint adventure. They merely declare the obligations of the State of Texas and of W. Paul Carlisle and Oden Contracting Company with respect to performance and payment. Such contracts do not purport to define the relationship between Carlisle and Oden Contracting Company, or between Carlisle and M. E. Oden. The contract between Oden Contracting Company and W. Paul Carlisle relating to the Smith-Wood County job reflects an agreement between them to divide the work required by the contract. Under the agreement each was to assume the sole obligation and responsibility for performance of that portion of the con-

tract allocated to him, or to the Company. Oden was to receive the amounts provided by the contract for the work units performed by his Company, and Carlisle was to receive all sums of money for all other work required under the contract. As to the work allocated to them respectively, each was to be considered as the sole principal for that portion of the work.

■ "Although a joint adventure must have at least some characteristics of a partnership, the terms are not synonymous. A joint adventure is ordinarily limited to a single transaction, whereas a partnership is usually formed for the transaction of a continuing general business. Another distinctive feature of a joint adventure is the right of each adventurer to sue the other for contribution or for damages without the necessity of an accounting. Nonetheless, substantially the same rules apply to both relationships although they are not identical. * * *

"The buying of chattels on joint account for sale at a profit is a common form of joint adventure. But many joint enterprises are not partnerships even where there is sharing of profits. For example, where the parties work separately for a third person, or enter into individual contracts for separate parts of one enterprise, no partnership is created. And the same is true in the case of railroads that use joint lines and facilities, or operate as connecting lines." 44 Tex.Jur.2d 351, § 28.

■ In Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 59 A.L.R.2d 1011 (1956), it was stated, "To constitute a joint adventure there must be a community of interest and participation in the profits. It is in the nature of a partnership engaged in the joint prosecution of a particular transaction for mutual profit. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307.

"For a joint adventure to exist there must be a community of interest both as to the profits and losses, if any. It is said in Luling Oil & Gas Co. v. Humble Oil & Re-

fining Co., 144 Tex. 475, 191 S.W.2d 716, that whether or not such relationship exists generally depends upon the intention of the parties. In that case the relationship was held not to be a joint adventure or partnership. The contract did not authorize either party to create any liability to third parties which would have been binding on the other. The relationship being in the nature of a partnership losses must be shared as well as profits." See also Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 59 A.L.R.2d 1011 and Norman v. B. V. Christie & Co., 363 S.W.2d 175, 176 (Houston Tex.Civ. App., 1962, writ ref., n. r. e.).

"The relationship of partners, joint adventure or mining partners being contractual in its nature, whether such a relationship exists generally depends upon the intention of the parties." As between the parties a court would not declare the existence of a partnership unless the "intention" clearly appears. Luling Oil & Gas Co. v. Humble, supra.

■ Among other elements necessary to create a joint adventure is the requirement of a mutual right to control. 48 C.J.S. Joint Adventures § 2a, p. 809. See also § 14(b) of same text.

Partnership or joint adventure by estoppel must be specially pleaded and the burden of proof is upon the party so alleging. 44 Tex.Jur.2d 437, § 111 and p. 447, § 122 of same text.

■■ Finally the appellant contends the court erred in overruling its objection to testimony concerning the "secret" agreement between Oden and the appellee, fixing their respective responsibilities and remuneration under the contract with the State of Texas, the terms of which have been above described.

Obviously, the appellee and Oden could not alter their obligations under the contract with the State of Texas by an agreement between themselves. The agreement was properly admitted on the question of

joint adventure and particularly in view of the cross-examination of appellee with respect to the method of handling proceeds received from the State of Texas under the contract. The document and all testimony showing the agreement and working arrangements between Oden and Carlisle were properly admitted.

We have concluded that there is no evidence of probative value to support the contention that the appellant dealt with a joint adventurer rather than with M. E. Oden or Oden Contracting Company or that a joint adventure or venture in fact existed between Carlisle and M. E. Oden or Carlisle and Oden Contracting Co. We think the evidence conclusively establishes the reverse of such contention.

All points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.