WESTERN NATIONAL BANK,
DENTON, Texas, Appellant,

v.

Earl R. KING, Appellee.

No. 17825.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 25, 1977.

Minor, Jester & Davidge, Denton, for appellant.

King & Massey, Inc., Fort Worth, for appellee.

OPINION

HUGHES, Justice.

In this non-jury case, Earl King sued Western National Bank for interest on church bond accounts of various churches which accounts were carried in the name of Firstamerica Trust Company of which King was trustee. Trial court rendered judgment for King for $2,682.13. Bank appealed.

We affirm.

Some time before February 15, 1972, King placed some accounts with Bank in the name of Firstamerica Trust Company as trustee for various churches. Such accounts were compensating balances to pay off bonds and interest due thereon. Individuals borrowed funds from Bank to buy such bonds.

Bank agreed to pay interest on such accounts' average unpaid balance, and such accounts were subject to withdrawal by check or order instrument.

Bank paid interest on such accounts for over a year, but refused to pay for the months of January through March of 1971. Such refusal was based on the claim that interest payments on demand deposits were illegal. Bank resumed payments in April and continued same until February 15, 1972, when the notes were sold to King through a written contract. King claimed that Bank charged in excess of agreement and, in effect, failed to allow accrued interest on church accounts' average balance.

Bank contends in points of error nos. 1, 2, 4 and 6 that the contract for it to pay

interest on the trust accounts' average unpaid balance is illegal. Bank says it is illegal because it is payment of interest on demand deposits and against public policy. 12 U.S.C.A. § 371. King says the contract is not illegal; that Bank did not prove it to be; that it was Bank's burden to prove illegality, if any.

Further, in points of error nos. 3 and 5, Bank contends that a later contract of February 15 was an attempt to make the illegal transaction legal, contrary to 12 U.S.C.A. § 371a. King says the novation cured any such defect particularly since he was not *in pari delicto* to Bank.

■ Bank alleges that the original contract is void because the deposits involved were demand deposits. Bank has the burden of proving such to be demand deposits. 13 *Tex.Jur.2d*, Contracts, § 167, 390. Bank relies on an agreement of the parties to admit that if Robert Hicks were present in court and sworn he would testify that in his opinion "these accounts are demand accounts." We hold this to be insufficient in the face of other testimony, which the trial court believed, to the effect that the accounts were labeled "time savings accounts". Also, Bank did not prove the nature or type of withdrawals to which these accounts were subject, nor what procedures were followed in making such withdrawals. The trial court had sufficient testimony to conclude that the accounts were not demand accounts.

■ We hold that Bank and King were not *in pari delicto* as in the transaction described by *Graham v. Dean,* 144 Tex. 61, 188 S.W.2d 372 (1945). Illegality here is dependent on facts peculiarly known to Bank but not known to King. Bank did not show that King knew the deposits were demand deposits. We overrule all six of Bank's points of error for the reasons stated.

Judgment of the trial court is affirmed.