Edward **VILLANUEVA**, Appellant,

v.

Hector **GONZALEZ**, Appellee.

No. 04–02–00723–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 1, 2003.

S. Tyler Rutherford, San Antonio, for Appellant.

Ted H. Roberts, San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by: PHYLIS J. SPEEDLIN, Justice.

Edward Villanueva ("Villanueva") appeals the trial court's order granting partial summary judgment in favor of Hector Gonzalez ("Gonzalez") on Villanueva's claims for breach of contract, breach of fiduciary duty, and breach of a partnership agreement. Villanueva also appeals the trial court's order granting Gonzalez's motion for judgment notwithstanding the verdict on his fraud claim. We overrule Villanueva's two issues and affirm the judgment of the trial court.

### BACKGROUND

In June 1999, Villanueva, an accountant, and Gonzalez, an attorney, entered into an agreement regarding the use of Villanueva's real property as collateral for Gonzalez to write bail bonds. The terms of this agreement are disputed by the parties. Villanueva contends that he never received his portion of the fees generated on the bail bonds written by Gonzalez. He sued Gonzalez asserting claims for breach of contract, breach of a partnership agreement, breach of fiduciary duty, and fraud.

Gonzalez moved for summary judgment on traditional and no evidence grounds. In support of the traditional summary judgment motion, Gonzalez argued that all of Villanueva's claims were based upon his allegation that the parties entered into an agreement to split profits from a bail bond business. According to Gonzalez, this agreement violates the Texas Occupations Code, thereby making the contract illegal and unenforceable as a matter of law. Because all of Villanueva's claims were based on an unenforceable contract, all his claims are invalid. The trial court granted a partial summary judgment without stating its grounds and dismissed all of Villanueva's claims with the exception of his fraud claim.

## SUMMARY JUDGMENT

### Standard of Review

In a traditional motion for summary judgment, the movant must conclusively establish that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Where a party moves for summary judgment on the grounds of an affirmative defense, such as the illegality of a contract, the movant must expressly present and conclusively prove each essential element of the affirmative defense. *Havlen v. McDougall,* 22 S.W.3d 343, 345 (Tex. 2000). We review *de novo* the granting of a summary judgment. *Am. Broad. Cos. v. Gill,* 6 S.W.3d 19, 27 (Tex.App.-San Antonio 1999, pet. denied). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true and every reasonable inference must be indulged in favor of the non-movant and doubts resolved in his favor. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

When a movant asserts multiple grounds for summary judgment, and the order does not state the theory upon which the trial court based its decision, the non-movant on appeal must negate any grounds on which the trial court could have granted the order. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). Otherwise, we will affirm the summary judgment if any one of the theories advanced is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). We first address whether the contract is illegal as a matter of law.

### Illegality of Contract

A contract to do a thing which cannot be performed without violation of the law violates public policy and is void. *See Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146, 148–49 (1947); *Jack v. State,* 694 S.W.2d 391, 397 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.). The purpose behind this rule is not to protect or punish either party to the contract, but to benefit and protect the public. *Lewis,* 199 S.W.2d at 151; *In re Kasschau,* 11 S.W.3d 305, 312 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding). In Texas, parties to a contract are presumed to be knowledgeable of the law. *Kasschau,* 11 S.W.3d at 312. Accordingly, courts will generally leave the parties as they find them. *Id.; See Plumlee v. Paddock,* 832 S.W.2d 757, 759 (Tex.App.-Fort Worth 1992, writ denied). Therefore, where the illegality of the contract does not appear on the face of the contract, the contract will not be held void unless facts showing its illegality are before the court. *Lewis,* 199 S.W.2d at 149; *Kasschau,* 11 S.W.3d at 312.

In his original petition, Villanueva alleged that he and Gonzalez "entered into an agreement whereby [Gonzalez] was to write surety bonds and the proceeds of this surety bond business would be split in

equal half shares to both [Villanueva] and [Gonzalez]." Villanueva's affidavit offered at summary judgment supported these allegations.

Gonzalez agreed to write surety bonds and the proceeds of this surety bond business would be split in equal half shares to both myself and Gonzalez. Based upon this arrangement, I then deeded Gonzalez real property . . . with which Gonzalez used as collateral to secure criminal bail bonds to generate profits for our partnership.

＊ ＊ ＊

I fully complied with my obligations by deeding the property to Gonzalez. Gonzalez did indeed write over $196,000.00 in bonds and has financially benefitted from same. Gonzalez has received profits in an amount of at least $19,600.00. However, Gonzalez, upon my demand, has refused to relinquish my agreed upon share of these funds or real property.

＊ ＊ ＊

I have been damaged by all of Gonzalez's misconduct because I have failed to receive my share of the profits.

Accepting Villanueva's allegations as true, we must then examine whether the contract is illegal as a matter of law.

■ Chapter 1704 of the Texas Occupations Code regulates bail bond sureties. TEX. OCC.CODE ANN. §§ 1704.001–.306 (Vernon 2003). The statute is intended to protect the public interest by governing the business of bail bonds, including the licensing and regulation of persons who engage in that business. *See Smith v. Tarrant County Bail Bond Bd.*, 997 S.W.2d 870, 871 (Tex.App.-Fort Worth 1999, pet. denied); *see also* Act of May 18, 1973, 63rd Leg., R.S., ch. 550, § 1, 1973 Tex. Gen. Laws 1520, 1520. For this purpose, the statute creates a bail bond board in each county with a population of 110,000 or

more to administer and enforce the statute. TEX. OCC.CODE ANN. §§ 1704.051, .101–.109 (Vernon 2003). A person may not act as a bail bond surety without being licensed. *Id.* at § 1704.151. The one exception to this requirement is an attorney who executes a bail bond or acts as a surety for a person he or she represents in a criminal case for which bond is given. *Id.* at § 1704.163(a); *Akridge v. State*, 13 S.W.3d 808, 810 (Tex.App.-Beaumont 2000, no pet.).

Assuming Villanueva's allegations are true, Gonzalez contends that the contract violates section 1704.252(9) of the Occupations Code, and thus, is unenforceable.

After notice and hearing, a board may revoke or suspend a license if the license holder:

(9) pays commissions or fees to or divides commissions or fees with, or offers to pay commissions or fees to or divide commissions or fees with, a person or business entity not licensed under this chapter.

TEX. OCC.CODE ANN. § 1704.252(9) (Vernon 2003). Villanueva disagrees that the contract is rendered illegal by Chapter 1704 of the Occupations Code.

We construe statutes as written and, if possible, ascertain the legislative intent from the statute's language. *See Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 706 (Tex.2002); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001). We begin with the plain language of the statute because we assume that the Legislature tries to say what it means. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex.1999). Even where a statute is not ambiguous, however, we consider other factors to determine the Legislature's intent such as the object sought to be attained, the legislative history, and the consequences of a

particular construction. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998); *Helena Chem. Co.*, 47 S.W.3d at 493.

The plain language of the statute provides that a bail bond surety's license can be revoked or suspended if they divide commissions or fees with a person not licensed under Chapter 1704. *See* TEX. OCC.CODE ANN. § 1704.252(9) (Vernon 2003). The language regarding the prohibited conduct is clear and broad. *See* Op. Tex. Att'y Gen. No. JC–0528 at 3–4 (2002). The prohibition against dividing fees has been a basis for revoking a license since the law's inception, and is consistent with the statute's purpose of regulating bail bond sureties. *See* Act of May 18, 1973, 63rd Leg., R.S., ch. 550, § 9(7), 1973 Tex. Gen. Laws 1520, 1525. This prohibition extends to attorneys who are statutorily authorized to write bail bonds. TEX. OCC.CODE ANN. § 1704.163(b) (Vernon 2003); *see Minton v. Frank*, 545 S.W.2d 442, 445 (Tex.1976). The Occupations Code makes clear that a person, who is not an attorney, may not act as a bail bond surety in a county unless the person holds a license. *See* TEX. OCC.CODE ANN. § 1704.151 (Vernon 2003); *see also id.* at § 1704.001(5) (defining "person" as an individual or corporation). If individuals who are qualified to act as bail bond sureties could split commissions or fees with those who do not meet the statute's requirements or exceptions, a bail bond board could not regulate them. *See* TEX. OCC.CODE ANN. §§ 1704.101–.109 (Vernon 2003) (explaining a bail bond board's powers and duties).

█ Given the plain language of sections 1704.252(9) and 1704.151, we conclude an agreement to split fees between an attorney and a person who is not either licensed as a bail bond surety or as an attorney is illegal. Therefore, the contract alleged by Villanueva is illegal on its face.

*See Kasschau*, 11 S.W.3d at 312; *see also Komet v. Graves*, 40 S.W.3d 596, 602 (Tex. App.-San Antonio 2001, no pet.) (looking to the pleadings to determine the alleged illegal nature of the contract where illegality defense not raised). To hold otherwise, we would allow individuals to indirectly profit from a business they are directly prohibited from engaging in unless properly licensed. This we will not do.

Villanueva contends that section 1704.252(9) does not render the contract illegal for two reasons: (1) it only refers to discretionary enforcement; and (2) is applicable to only license holders and attorneys. Villanueva fails to cite, nor can we find, any authority which suggests that discretionary enforcement detracts from the prohibited nature of the conduct. With respect to section 1704.252(9), the conduct (dividing commissions or fees with a person or business entity not licensed under Chapter 1704) is prohibited regardless of whether a bail bond board uses its discretion to enforce the prohibition.

In support of his second assertion, Villanueva cites to *Atkins v. Tinning*, 865 S.W.2d 533, 536–37 (Tex.App.-Corpus Christi 1993, writ denied), in which the court of appeals stated that the legality of a contract between an attorney and investigator to give the investigator a fee from settled cases could not be determined on the basis that such an agreement violated the attorney's professional duties under the Texas Disciplinary Rules. The court reasoned that the disciplinary rules were quasi-statutory and governed only the behavior of attorneys. *Id.* at 537. The court emphasized that the investigator's allegations, which included breach of contract and fraud, did not establish a violation of the barratry statute. *Id.* at 536. Contrastingly, in this case, we are contemplating a violation of the Texas Occupations Code, a statute. Villanueva's allegations,

accepted as true, establish conduct which is prohibited by Chapter 1704. Additionally, as stated above, Chapter 1704, unlike the disciplinary rules, applies to all persons who engage in the business of bail bonds.

Finally, Villanueva contends "it is simply inequitable to allow Gonzalez, who has reaped the fruits of Villanueva's property ..., to walk away with a windfall." Texas courts recognize that where parties to an illegal contract are not *in pari delicto*, the party least culpable may recover. *Plumlee*, 832 S.W.2d at 759. Where one party is unaware of the true facts and believes the contract is lawful, the general rule that an illegal contract is unenforceable does not apply. *See Graham v. Dean*, 144 Tex. 61, 188 S.W.2d 372, 373 (1945); *Int'l Bank of Commerce–Brownsville v. Int'l Energy Dev. Corp.*, 981 S.W.2d 38, 52 (Tex.App.-Corpus Christi 1998, pet. denied). Significantly, the illegality of the contract depends upon the existence of peculiar facts known only to the defendant. *See Graham*, 188 S.W.2d at 373. Here, the allegations and summary judgment evidence do not establish that the illegality of the contract depended upon Gonzalez's knowledge of facts which were unknown to Villanueva at the time they entered into the agreement. *See id.* Furthermore, at summary judgment, Villanueva presented no evidence to the trial court to suggest that he believed that the contract was lawful. *See id.; but see Plumlee*, 832 S.W.2d at 759 (stating appellant's ignorance that referral contract was illegal was "simply irrelevant" and refusing to enforce contract). Accordingly, the contract is unenforceable.

Villanueva's claims for breach of contract and breach of a partnership agreement are based upon the same unenforceable agreement. Accordingly, the trial court did not err in granting Gonzalez summary judgment on these claims. The trial court also did not err in granting summary judgment on Villanueva's claim for breach of fiduciary duty because the duties allegedly breached, including Gonzalez's failure to pay Villanueva profits, were created by the unenforceable contract and his claim for lost profits as his economic injury stemmed from the unenforceable contract. *See Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex.1991); *Robles v. Consolidated Graphics, Inc.*, 965 S.W.2d 552, 559 (Tex. App.-Houston [14th Dist.] 1997, pet. denied). Thus, Villanueva's claim for breach of fiduciary duty is not a tort claim independent of the contract claims and he cannot recover on that claim. *See DeLanney*, 809 S.W.2d at 495. Because we hold the trial court did not err in granting Gonzalez summary judgment on the grounds that the agreement was illegal and unenforceable, we need not address the no evidence grounds raised in the motion. We overrule Villanueva's first issue.

### JURY TRIAL ON FRAUD CLAIM

The parties went to trial on Villanueva's fraud claim. Villanueva testified that prior to deeding the property to Gonzalez, he obtained a second loan, secured by his personal certificates of deposits, to pay off the original purchase money mortgage on the property. The profits generated from the bail bond business were to be used to pay the note on the second loan and property taxes. Any amount remaining after these expenditures would be equally divided between him and Gonzalez. Villanueva testified his damages were the profits he would have received under the bail bond business.

A jury found in favor of Villanueva on his fraud claim and awarded him $13,000 in damages for lost profits on the bail bond business. Gonzalez moved for a judgment

notwithstanding the verdict. The trial court granted the motion and entered a judgment in favor of Gonzalez.

*Standard of Review*

We review a judgment notwithstanding the verdict under a legal sufficiency or "no evidence" standard of review. *Komet*, 40 S.W.3d at 603. "No evidence" exists when the record discloses one of the following: (1) a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 666 n. 9 (Tex.1990). In determining whether there is no evidence to support a jury verdict, we consider the evidence favorable to the jury's verdict and reasonable inferences that tend to support it. *Brown v. Bank of Galveston, Nat'l Ass'n*, 963 S.W.2d 511, 513 (Tex. 1998); *Komet*, 40 S.W.3d at 603. If there is more than a scintilla of evidence to support the jury's finding, a trial court errs in granting a motion for judgment notwithstanding the verdict. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex.1990); *Komet*, 40 S.W.3d at 603.

*Analysis*

Gonzalez moved for judgment notwithstanding the verdict, in part, on the basis that Villanueva could not recover lost profits on his fraud or fraudulent inducement claim because he did not have an otherwise enforceable contract on which to predicate such an award. Fraudulent inducement is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex.2001). With a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties. *Id.* Relying on *Haase*, Gonzalez contends that Villanueva's recovery of lost profits on his fraud claim is precluded as a matter of law. We agree.

In *Haase*, the Texas Supreme Court held that the statute of frauds made the underlying agreement unenforceable and therefore barred a fraud claim where the plaintiff sought to recover benefit of the bargain damages. *Id.* at 799. The Court reasoned that it would be circumventing the statute of frauds if it determined that a contract was unenforceable because of the statute of frauds, yet allowed a party to assert a fraud claim so as to recover the benefit of the unenforceable bargain. *Id.* Here, the contract claimed by Villanueva is unenforceable because it is illegal. Therefore, his fraud claim to recover the benefit of an unenforceable bargain cannot stand. *See id.* Accordingly, we hold the trial court did not err in granting judgment notwithstanding the verdict. We overrule Villanueva's second issue.

## CONCLUSION

For the reasons stated above, we overrule Villanueva's two issues and affirm the judgment of the trial court.