

**NUMBER 13-07-371-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

**WINSHIP CONSTRUCTION, INC.,**                         **Appellant,**

**v.**

**CITY OF PORTLAND,**                                **Appellee.**

---

**On appeal from the 36th District Court
of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

Appellant, Winship Construction, Inc., appeals from the trial court's order granting summary judgment in favor of appellee, the City of Portland. Winship contends that the trial court erred in granting summary judgment because: (1) a fact issue was raised as to whether the delay in the completion of the construction contract allowed Portland to

withhold payment; and (2) Winship was not required to exhaust administrative remedies before the lawsuit. We reverse and remand.

## I. BACKGROUND

Winship entered into a contract with the City of Portland to build improvements to the City of Portland Aquatic Center and Festival Site Pavilion. The project costs, including change orders, totaled approximately $1.4 million. The project had two parts: 1) Winship was to repair the Festival Site Pavilion in 180 calendar days and complete the base work in 300 days, and 2) a project engineer was to oversee and approve all work.

The project began on May 3, 2004. Winship's work was stalled for many reasons. First, Portland's change orders resulted in $96,216.60 of new work added to the contract. These included four change orders totaling $9,127.60 that were scheduled after the required completion date. Thirty days were lost because of the written change orders. Second, rain and windy weather delayed the work. In fourteen draw requests given to the project engineer, Winship complained that seventy-six work days were lost due to weather conditions. During meetings, Portland responded that "the contract time may be adjusted for the pavilion," and as long as Winship is "making a good effort, when weather allows, there should not be a problem with contract time."

Finally, there were several delays caused by other contractors. For instance, Portland contracted with Acapulco Pools to complete the pool area. Acapulco was consistently late in completing its own work, resulting in delays that caused Winship to be late in completing its own work. A total of 105 work days were lost because of Acapulco and other contractors. In total, Winship was 211 days late because of delays beyond its control.

2

The contract required the project engineer to certify the date when Winship substantially completed the project. Winship applied for final payment and substantial completion on July 15, 2005, but the engineer did not approve final payment until October 18, 2005. There is no explanation in the record for this delay. At that time, the engineer decided the contract was substantially complete and approved the final payment in the amount of $77,677.89. According to the certified date of substantial completion and the original contractually required completion date, Winship was 353 days late on the Festival Site Pavilion and 233 days on the base bid work. Winship, however, claims the Pavilion was substantially compete on December 4, 2004, making them thirty-six days late, and the base bid work was substantially complete on June 3, 2005, making them ninety-seven days late.

Despite the engineer's approval of the final payment, Portland withheld $44,545 from Winship. Winship filed a suit for breach of contract in order to receive the remainder of payment. Portland answered and filed two motions for summary judgment claiming a right to withhold the money because Winship was late and breached the contract. The first motion, based on sovereign immunity, was denied. The second motion, based either on a breach of contract defense or failure to exhaust administrative remedies, was granted. This appeal followed.

## II. STANDARD OF REVIEW

This court reviews a summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). All evidence will be viewed in the light most favorable to the nonmovant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). Every reasonable inference or doubt will be resolved against the motion. *Id*. If a summary

3

judgment motion is brought on multiple grounds, and the order granting the motion does not list what grounds it was based on, the appellant must negate all possible grounds. *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.–San Antonio 2003, no pet.).

### III. ANALYSIS

Winship raises two issues. First, Winship claims the trial court erred in granting summary judgment because there is a fact issue regarding whether the delay in completion allowed Portland to withhold payment. Second, Winship argues that it was not required to exhaust administrative remedies. Winship does not contend that it finished the project before the original completion date; rather, it urges that the delay was excused.

Portland urged in its motion for summary judgment that Winship breached the contract by failing to substantially complete the work until October 18, 2005, and that Winship failed to exhaust its administrative remedies by failing to complete change orders referred to in the contract. As summary judgment evidence, Portland submitted the contract, various change orders, and the affidavit of Paul Pilarczyk, the project engineer for Portland. In the affidavit, Pilarczyk averred that Winship exceeded the time required for completion by 233 days. He noted that the change orders did not authorize an extension of the contract time. Pilarczyk also pointed out that section 10.05 of the contract provided for the contractor to present a claim for an adjustment of the contract time, and that Winship presented no such claim.

In response, Winship introduced the affidavit of Jeremy Welch, the representative of Waycoff Construction, Inc., one of Winship's subcontractors. Welch averred that there was a 105 day delay caused by Acapulco Pools, a seventeen day delay associated with the engineer's failure to provide the revised expansion joint layout, a fifty-one day delay

4

on the aquatic center caused by weather, and a forty-nine day delay on the pavilion caused by weather. He stated that he attended construction meetings where the engineer and Portland acknowledged these delays and agreed to extend the completion dates.

David Winship also submitted an affidavit wherein he urged that the delay in completion was caused by weather and the engineer's failure to provide specifications with respect to the electrical configuration. Winship also explained that the delay in completion of the aquatic center was due to rain and delay caused by Acapulco Pools. He stated that the owner and engineer agreed to and represented that weather delays, delays caused by other contractors, and delays caused by the owner or engineer would be credited. The contract called for Winship to submit a request for final payment. After Winship made its final request for payment, the engineer recommended full payment without any deduction.

Here, there were no timely objections to the competency of either party's summary judgment evidence. The burden was upon Portland to show, as a matter of law, that there was no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to Winship will be taken as true and every inference will be indulged in Winship's favor. *City of Keller,* 168 S.W.3d at 824. Utilizing the standards for the review of summary judgments set forth by the supreme court, we hold that Winship has raised a fact issue with regard to its claim that the parties agreed to allow extra time for completion because of delays outside of Winship's control, including those occurring because of adverse weather conditions, delays caused by other contractors, and additional work requests made by Portland. We sustain Winship's first issue. We will not address Winship's second issue as it is not dispositive. *See* TEX. R. APP. P. 47.1.

5

## IV. Conclusion

We reverse the summary judgment and remand to the trial court for proceedings consistent with this opinion.

ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 21st day of August, 2008.