FORD et al. v. MUNROE et al.†

(Court of Civil Appeals of Texas. Austin. Jan. 17, 1912. Rehearing Denied Feb. 21, 1912.)

CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACTS WITH ATTORNEYS—VALIDITY—PUBLIC POLICY.

A contract between an attorney and one not an attorney that the latter shall, in consideration of part of the fee to be collected, procure the employment of the former by a third person for the prosecution of a suit, is void as against public policy, independent of statutes prohibiting it, though the nonattorney and the third person be relatives.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24-51; Dec. Dig. § 5.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by Dan Ford and another against R. I. Munroe and others. Judgment for defendants. Plaintiffs appeal. Affirmed.

W. S. Baker, for appellants. O. L. Stribling and Sleeper, Boynton & Kendall, for appellees.

RICE, J. This suit was brought by appellants Ford and Phillips, as plaintiffs in the court below, to recover of appellees, defendants in the court below, the sum of $4,166.66, being one-third of a $12,500 fee received by the latter for the successful prosecution of two certain cases in the district court of McLennan county in behalf of Mrs. M. E. Grismer and another, for the purpose of reviewing and setting aside certain orders of the county court of McLennan county, wherein one Peter McClelland, Jr., had been duly appointed and was acting as administrator of the estate of his father, Peter McClelland, Sr., deceased, and to secure the appointment by the district court of one J. K. Rose as trustee of said estate, alleging that the defendants, who were practicing attorneys at the Waco bar, prior to the institution of said suits, had, in consideration of the fact that plaintiffs would solicit and cause the said Mrs. Grismer and one Hugh McClelland to employ them as attorneys to prosecute such causes of action as in their judgment might be necessary to effectuate such purpose, and prevent said parties from employing any other counsel to prosecute suits for such purpose, agreed to pay them for their services one-third of whatever amount they might realize from such employment; that in pursuance of said contract and agreement they (plaintiffs) did in fact influence and cause the said Mrs. Grismer and the said McClelland to employ defendants as attorneys, who in fact thereafter rendered the services as such attorneys, and did in fact successfully prosecute such suits to a final issue in behalf of said Mrs. Grismer. It was also alleged that the said Mrs. Grismer and McClelland were advised of the fact that plaintiffs

were interested in the compensation to be received by such counsel, and, further, that Lena Ford, the niece of plaintiff Dan Ford, had an interest in said estate, which would be beneficially affected by the prosecution of said suits.

Defendants excepted to said petition, on the ground that the contract set forth therein, upon which plaintiffs relied for recovery, was against public policy and in contravention of article 290 of the Penal Code of 1911 of this state. The court sustained said exception, and, the plaintiffs refusing to amend, their suit was dismissed, and this action of the court is made the basis of the first assignment of error. A reading of the petition clearly discloses that the only consideration for the contract sued on was an agreement on the part of plaintiffs, entered into before the employment of defendants, that plaintiffs would solicit the employment of such attorneys as counsel for Mrs. Grismer, and that by reason of such solicitation said defendants were afterwards employed by her as attorneys for the purposes set forth in their petition. This being true, it seems to us that the court was correct in sustaining said demurrer and dismissing the suit. See Penal Code, art. 290; Hirshbach v. Ketchum, 5 App. Div. 324, 39 N. Y. Supp. 291; In re Clark, 108 App. Div. 150, 95 N. Y. Supp. 388; Id., 184 N. Y. 222, 77 N. E. 1; Norris v. Logan, 94 S. W. 123; Id., 100 Tex. 228, 97 S. W. 820; Seeligson v. Lewis, 65 Tex. 215, 57 Am. Rep. 593; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Reed v. Brewer, 90 Tex. 144, 37 S. W. 418. Ordinarily, a contract between an attorney and one not an attorney, providing that the latter shall procure the employment of the former by a third person for the prosecution of suits to be commenced in consideration of a fee to be procured or collected therein, is void as against public policy, independent of statutes prohibiting same. See Gammons v. Johnson, 76 Minn. 76, 78 N. W. 1035; Langdon v. Conlin, 67 Neb. 243, 93 N. W. 389, 60 L. R. A. 429, 108 Am. St. Rep. 643; Alpers v. Hunt, 86 Cal. 78, 24 Pac. 846, 9 L. R. A. 483, 21 Am. St. Rep. 17.

It is urged by appellants' fifth and sixth assignments that the court erred in sustaining defendants' exception and dismissing the case, because it appeared from plaintiffs' petition that Dan Ford, one of the plaintiffs, was an uncle of Lena Ford, who was interested in said cause of action, and that said Dan Ford induced Phillips, his coplaintiff, to assist him in the interest of Lena Ford in the employment of defendants, and that Mrs. Grismer and Hugh McClelland, for whom the defendants sued, were advised of the action of plaintiffs in this cause in the employment of defendants herein, and assented thereto. On this subject it is said in Re

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

Evans et al., 22 Utah, 366, 62 Pac. 913, 53 L. R. A. 959, 83 Am. St. Rep. 794: "While it is permissible for a near kinsman of a poor suitor, out of charity, to assist him in the maintenance of his suit, such kinsman cannot do so as a speculative venture, based upon an agreement to share in the proceeds of the litigation, in case the suitor should recover. Both the law of maintenance and champerty forbid meddling by any such person, not a party to the suit, whatever may be his relation to the suitor, for the purpose of speculation or profit." It appearing that, notwithstanding the fact that Dan Ford was related to Lena Ford, one of the parties to be benefited by said litigation, yet he was to receive compensation for his services in securing the employment of such counsel, the rule above announced, in view of the allegations of the petition showing that Dan Ford was to receive a part of the compensation of said attorneys, would, we think, preclude him from recovering. Hence we overrule said assignments.

Finding no error in the action of the court, its judgment is in all things affirmed.

Affirmed.