**RED v. McCOMB.**

No. 3319.

Court of Civil Appeals of Texas. Beaumont.

June 23, 1938.

Rehearing Denied Sept. 20, 1938.

Geo. B. Darden and A. W. Morris, both of Conroe, and McKinney & Henson, of Huntsville, for appellant.

McComb & Marsh, Paul G. Grogan, and W. C. McClain, all of Conroe, for appellee.

WALKER, Chief Justice.

This is a second appeal; for opinion on first appeal, see McCombs v. Red, Tex.Civ. App., 86 S.W.2d 648. The case before us now was prosecuted by appellant Red, from a judgment rendered against him on a verdict instructed in favor of appellee McComb.

For cause of action appellant alleged: (1) On the 9th day of April, 1932, appellee advised him that he was trying to secure powers of attorney, coupled with a one-half interest, from the heirs of J. T. Watson, covering two certain tracts of land in Montgomery County, tract No. 1 containing 142.5 acres of land, and tract No. 2, 145 acres of land; (2) some of the heirs lived "in various parts of the State of Texas"; appellant owned an automobile; appellee represented that "he did not have a means of conveyance"; and "then and there" proposed to appellant that, if he would transport appellee to and from the homes of the heirs, and "would aid and assist him in going to the homes of the heirs and in returning that he might contact said heirs and thereby obtain powers of attorney from them," in consideration of his services, he would give and grant to appellant "a one-sixth (1/6th) undivided interest in and to any and all of the lands, monies, profits or other things of value which he might or would receive by virtue of the said contemplated power of attorney"; (3) appellant accepted appellee's offer and performed, and was ready to perform, all obligations owed by him under the contract "for the purpose of investigating of the J. T. Watson Pre-emption Survey in the Land Office of Texas and also of Fannie S. Hooper, Et Al, Survey, and in pursuance of the joint adventure and object of realizing a profit out of the claim of the J. T. Watson heirs in the J. T. Watson survey aforesaid and the said Fannie S. Hooper, Et Al, Survey"; (4) under the contract and their joint efforts, constituting a "joint adventure", appellee acquired certain pow-

ers of attorney, but refused to recognize that appellant had any interest in these powers of attorney, or in the profits derived therefrom; that he called upon appellee for an accounting, and appellee refused to give him an accounting; appellant plead a statement of the profits.

We give here appellant's prayer: Wherefore, premises considered, Plaintiff prays that Defendant be duly cited to appear and answer herein, and that upon a final hearing hereof, Plaintiff have judgment over and against Defendant for the sum of $4,791.66, and judgment for a $\frac{1}{1152}$ royalty interest in and to 145 acres, more or less, in the Fannie S. Hooper, Et Al, Survey, Montgomery County, Texas, as herein described, which is due Plaintiff as his one-sixth ($\frac{1}{6}$th) interest in the settlement of the powers of attorney of Defendant growing out of and/or pertaining to the 145 acres, more or less, in the Fannie S. Hooper, Et Al, Survey, Montgomery County, Texas; and, judgment for the sum of $4,313.27, which is due Plaintiff as his one-sixth ($\frac{1}{6}$th) interest in the settlement of the powers of attorney of Defendant growing out of and/or pertaining to the 142½ acre tract in the J. T. Watson Pre-emption Survey, Montgomery County, Texas; for costs of court, and for such other and further relief, special and general, in law and in equity, as Plaintiff may show himself justly entitled to, etc."

■ The contract plead by appellant, and established by his proof, was an oral contract made on the 9th day of April, 1932. Under the statement made in his brief, appellant claims an interest in the following powers of attorney:

"A. 1. Sally DeMoss, et vir, to W. P. McComb, bearing date of April 2, 1932, and recorded in Vol. 138, Page 265, Deed Records, Montgomery County, Texas.

"2. W. A. Purvis to W. P. McComb, bearing date of April 1st, 1932, and recorded in Vol. 141, Page 101, Deed Records of Montgomery County, Texas.

"3. Mrs. Etta Reeves, Et Al, to W. P. McComb, bearing date of April 3, 1932, and recorded in Vol. 139, Page 42, Deed Records of Montgomery County, Texas.

"4. Fred Purvis to W. P. McComb, bearing date of April 4, 1932, and recorded in Vol. 139, Pages 408, Deed Records of Montgomery County, Texas.

"5. Mrs. Alice Tate, et vir, to W. P. McComb, bearing date of April 12, 1932, recorded in Vol. 156, Page 278, Deed Records, Montgomery County, Texas.

"B. 1. M. A. DeMoss et ux, to W. P. McComb, bearing date of April 9, 1932, and recorded in Vol. 173, Page 240, Deed Records, Montgomery County, Texas."

All the powers of attorney in issue were executed and delivered prior to the date of the alleged contract, except the power of attorney from Mrs. Tate and her husband to W. P. McComb, dated the 12th day of April, 1932, and the power of attorney from DeMoss and wife, dated the 9th day of April, 1932. Under the express allegations of appellant's petition, he had no interest in the powers of attorney secured prior to the 9th day of April. It also appears from the allegations of his petition that the DeMoss power of attorney, executed on the date of the contract, could not have been procured under the alleged contract. As to the Tate power of attorney, there was no proof that it was secured under the terms of the contract, or that appellant's efforts aided McComb in securing the contract; for that reason appellant had no interest in its benefits. Again, appellant failed by his pleadings and proof to establish a specific interest acquired by appellee under the Tate contract. Under the pleadings and proof, even if this power had been secured under appellant's contract with appellee, the court could have granted him no relief because the interest was not identified. Lee v. Kirby, Tex.Civ. App., 277 S.W. 225.

■ On a careful review of the law of this case, as against our opinion on the former appeal, it is our conclusion that the judgment of the lower court should be affirmed for this additional reason. Under the undisputed proof appellee took the powers of attorney in issue, not as a dealer in real estate but as an attorney at law, and in consideration for the power of attorney was to perform legal services—the entire consideration for the powers of attorney was to be legal services. Appellant plead a "joint adventure" between him and appellee whereby in performing his legal services appellee was to perfect title to the one-half interest granted him under the powers of attorney. On this statement, the contract plead by appellant was absolutely void. A contract by a lawyer to share his legal fees with a layman is void, as against the public policy of the state. The public policy of the State of Texas on this point is thus stated

by Sec. 4 of Art. 430a of Vernon's Annotated Penal Code: "It shall be unlawful for any attorney at law to share any fee or fees earned or received by him for legal services with any person or firm, not a licensed attorney or attorneys, or with any association or corporation."

True, as suggested by appellant, this statute was not passed until after the execution of the alleged contract, but that point is not controlling. This statute does not declare the public policy of the State of Texas, but is merely declaratory of the public policy at the time it was enacted, and from the beginning of our jurisprudence. For a review of authorities on this point see Montgomery v. Utilities Ins. Co., 117 S.W.2d 486, by this court.

The judgment of the lower court is affirmed.