**Joe PLUMLEE, Appellant,**

v.

**Michael PADDOCK, Individually Jim Loveless, Individually Charles Roach, Individually and the Partnership of Paddock, Loveless & Roach, Appellees.**

No. 2–91–238–CV.

Court of Appeals of Texas, Fort Worth.

June 17, 1992.

Rehearing Overruled Aug. 4, 1992.

Joel W. Westbrook, San Antonio (Edward J. Schroeder, of counsel); for appellant.

Joe Shannon, Jr., Fort Worth, for appellees.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

OPINION

FARRIS, Justice.

Joe Plumlee appeals a take-nothing summary judgment in favor of Michael Paddock, Jim Loveless, Charles Roach and the partnership of Paddock, Loveless and Roach. Plumlee raises one point of error contending the trial court erred in granting summary judgment on his alleged referral contract with appellees. We overrule Plumlee's sole point and affirm because the alleged contract, if one exists, was illegal and void against public policy.

Plumlee sued appellees alleging a referral contract existed whereby appellees would pay Plumlee, owner of an ambulance company, an up-front fee and a percentage of appellees' fees for personal injury case referrals. Plumlee also alleged false imprisonment and malicious prosecution, but has conceded those actions were time-barred. Appellees answered and filed a Joint Motion for Summary Judgment denying the existence of the contract and asserted even if there were such a contract that such contract was incapable of enforcement because it would be an illegal barratry contract. The trial court ordered a take-nothing judgment in favor of appellees.

The Court of Civil Appeals set forth the law very early on this subject, and it has remained the same:

Ordinarily, a contract between an attorney and one not an attorney, providing that the latter shall procure the employment of the former by a third person for the prosecution of suits to be commenced in consideration of a fee to be procured or collected therein, is void as against public policy, independent of statutes prohibiting same.

*Ford v. Munroe,* 144 S.W. 349, 349 (Tex. Civ.App.—Austin 1912, writ ref'd); *Red v. McComb,* 119 S.W.2d 707, 708 (Tex.Civ. App.—Beaumont 1938, no writ); *see also Montgomery v. Utilities Ins. Co.,* 117 S.W.2d 486, 491 (Tex.Civ.App.—Beaumont 1938), *rev'd on other grounds,* 134 Tex. 640, 138 S.W.2d 1062 (1940) (courts will not enforce contract made for illegal practice

of law). In addition, the sharing of fees with a layman by a lawyer is prohibited by statute, as well as by disciplinary rule. *See* TEX.PENAL CODE ANN. § 38.12 (Vernon Supp.1992); SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 5.04 (1989) [hereinafter TEX.DISCIPLINARY RULES OF PROF.CONDUCT] (located in the pocket part for Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code).

■ Moreover, courts generally will not enforce illegal contracts. *See Lewis v. Davis*, 145 Tex. 468, 199 S.W.2d 146, 148–49 (1947). The policy is not to protect or punish either party to the contract, but is for the benefit of the public. *Id.* 199 S.W.2d at 151. "In Texas there is a presumption that contracting parties are knowledgeable of the law and contract accordingly." *Cherokee Water Co. v. Forderhause*, 727 S.W.2d 605, 615 (Tex.App.—Texarkana 1987), *rev'd on other grounds*, 741 S.W.2d 377 (1987). Accordingly, the courts will generally leave the parties as they find them. *After Hours, Inc. v. Sherrard*, 456 S.W.2d 227, 229 (Tex.Civ.App.—Austin 1970), *rev'd on other grounds*, 464 S.W.2d 87 (Tex.1971); *Mercury Life & Health Co. v. Hughes*, 271 S.W.2d 842, 846 (Tex.Civ.App.—San Antonio 1954, writ ref'd); *Gollehon v. Porter*, 161 S.W.2d 134, 135 (Tex.Civ.App.—Amarillo 1942, writ ref'd w.o.m.). Courts are no more likely to aid one attempting to enforce such a contract than they are disposed in favor of the party who uses the illegality to avoid liability. *Loggins v. Stewart*, 218 S.W.2d 1011, 1015 (Tex.Civ.App.—El Paso 1949, writ ref'd).

■ On appeal Plumlee attempts to avoid the well-settled law by arguing summary judgment was improper because he was not *in pari delicto* with appellees; denial of recovery affords appellees unjust enrichment; and denial of recovery is against public policy. However, none of these arguments is valid. It is true there are cases which hold when the parties to an illegal contract are not *in pari delicto*, the party least culpable may recover. *See*

*American Nat'l Ins. Co. v. Tabor*, 111 Tex. 155, 230 S.W. 397, 400 (1921); *Futch v. Sanger*, 163 S.W. 597, 598–99 (Tex.Civ.App.—Austin 1914, writ ref'd). However, such cases depend upon the knowledge of peculiar facts by the defendant, not known by the party seeking to enforce the contract, in other words, a mistake of fact. *See Graham v. Dean*, 144 Tex. 61, 188 S.W.2d 372, 373 (1945); *Oakes v. Guarantee Ins. Co.*, 573 S.W.2d 899, 902 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). This case does not involve any mistake of fact. Both parties were aware of the facts surrounding the entering of their contract. It is simply irrelevant that Plumlee maintains ignorance that this type of contract was illegal. *See Cherokee Water Co.*, 727 S.W.2d at 615 ("ignorance of the law is no excuse").

■ In addition, courts have required parties who wish to recover on an illegal contract prove their case without reliance on their own illegal act. *See Kokernot v. Gilstrap*, 143 Tex. 595, 187 S.W.2d 368, 370 (Tex.1945); *International Aircraft Sales, Inc. v. Betancourt*, 582 S.W.2d 632, 635 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Plumlee cannot prove the existence of a contract, nor his right to recover, without proving his own illegal conduct in entering a barratry contract. *See* TEX.PENAL CODE ANN. § 38.12 (Vernon Supp.1992).

■ As to Plumlee's unjust enrichment argument, courts generally will not lend their equity powers to enforcing contracts which violate sound public policy. *Stone v. Boone*, 160 S.W.2d 578, 581 (Tex.Civ.App.—Fort Worth 1942, writ ref'd w.o.m.). Moreover, equity requires "clean hands" of the party who is seeking enforcement of the contract. The Penal Code makes barratry an offense for the attorney as well as the other party who enters the contract with the attorney. *See* TEX.PENAL CODE ANN. § 38.12 (Vernon Supp.1992). Thus, Plumlee hardly comes to court with "clean hands."

Lastly, Plumlee uses a public policy argument which he argues is a complement to his unjust enrichment argument. Plum-

lee contends that State Bar Disciplinary Rules prevent lawyers from entering into fee agreements with non-lawyers, and by not allowing him to recover, this court would be condoning what the Supreme Court has forbidden. *See* TEX.DISCIPLINARY RULES OF PROF.CONDUCT, Rule 5.04 (1989). The Supreme Court, in its comment following Rule 5.04, states the reasons for this rule: "The provisions of Rule 5.04(a) express traditional limitations on sharing legal fees with nonlawyers. The principal reasons for these limitations are to prevent solicitation by lay persons of clients for lawyers and to avoid encouraging or assisting nonlawyers in the practice of law." With that in mind, we fail to see how Plumlee believes this court can afford him any relief.

Plumlee's point of error is overruled and the judgment of the trial court is affirmed.