

NUMBER 13-13-00595-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SHARON STEDMAN, INDIVIDUALLY
AND AS EXECUTOR OF THE ESTATE OF
BETTY VALLNER, DECEASED,                                    Appellants,

v.

STEVEN DE PAZ,                                              Appellee.

### On appeal from the 53rd District Court
### of Travis County, Texas.

# O P I N I O N

### Before Justices Benavides, Perkes, and Longoria
### Opinion by Justice Benavides

By four issues, which we treat as one, appellant Sharon Stedman, individually and

as executor of the estate of Betty Valner (hereinafter "Stedman") appeals the trial court's

dismissal of her "Application to Revive Judgment by *Scire Facias*" against appellee

Steven De Paz pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. APP. P. 91a. For the reasons stated below, we reverse and remand.

## I. BACKGROUND[1]

On April 22, 2013, Stedman filed an "Application to Revive Judgment by *Scire Facias*."[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (West, Westlaw through Ch. 46, 2015 R.S.) (Revival of Judgment). In her application, Stedman alleged the following facts: (1) On September 6, 2000, Stedman obtained a default judgment for actual damages in the amount of $250,000.00 against De Paz; (2) two writs of execution were issued on the judgment, the second and final of which was issued on April 30, 2001; (3) the writ was duly delivered to and returned by the Sheriff with the notation "Nula Bona" [sic];[3] (4) no other writ was issued before the expiration of ten years from April 30, 2001; and (5) the application to revive judgment by *scire facias* was filed before April 30, 2013, the second anniversary of the date the judgment became dormant. *See id.*

On May 20, 2013, De Paz filed a motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure. In his motion, De Paz alleged that subsequent to receiving a final judgment in 2000, Stedman assigned "all of her right, title and interest in and to the judgment to one Sharon Burnham who, in turn, assigned all of her right, title and interest to one Norris DeVoll." De Paz further alleged that DeVoll attempted to

---

[1] This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46, 2015 R.S.).

[2] "Scire facias" is a writ requiring the person against whom it is issued to appear and show cause why a dormant judgment against that person should not be revived. BLACK'S LAW DICTIONARY (10th ed. 2014).

[3] "Nulla bona" is a form of return by a sheriff or constable upon an execution when the judgment debtor has no seizable property within the jurisdiction. *Id.*

revive the judgment against De Paz but "failed." De Paz asserted that the case was on appeal before the Third Court of Appeals in Austin, with a pending motion to dismiss filed by DeVoll. De Paz contended in his motion that if the case was that DeVoll assigned the judgment to Stedman, "then Stedman steps into the shoes of DeVoll," whose case was pending on appeal; but, if DeVoll has not assigned the judgment, then Stedman has no standing and the trial court was without jurisdiction to hear her application to revive the judgment. In addition to asking for dismissal because Stedman's application was without basis in law or fact, De Paz also sought reasonable and necessary attorney's fees.

On July 1, 2013, the trial court dismissed Stedman's application to revive judgment by *scire facias* and ordered her to pay De Paz's reasonable and necessary attorney's fees of $1,500.00. This appeal followed.

## II. RULE 91A MOTION TO DISMISS

Stedman's four issues on appeal turn on one controlling question: did the trial court err in granting De Paz's motion to dismiss under Rule 91a?

### A. Standard of Review

A trial court's determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo, based on the allegations of the live petition and any attachments thereto. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). As a result, Rule 91a motions to dismiss are analogous to pleas to the jurisdiction. *Id.*

In our review, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine

3

if the cause of action has a basis in law or fact. *Id.*; *see* TEX. R. CIV. P. 91a.1 ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."). In making its determination, the trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure. *Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing TEX. R. CIV. P. 91a.6). When a nonmovant is faced with a motion to dismiss under Rule 91a, the nonmovant has the option to: (1) nonsuit, (2) amend her challenged causes of action prior to the hearing on the motion, or (3) file a response and rely on her live pleading. If the non-movant, as in this case, responds and relies on her live pleading, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *Wooley*, 447 S.W.3d at 76 (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.")).

**B.    Discussion**

Stedman's pleading before the trial court at the time of the dismissal was an application to revive a dormant judgment by *scire facias*. Thus, we first examine the relevant law on reviving dormant judgments through this method.

If a writ of execution is not issued within ten years after the rendition of a judgment of a court of record, the judgment is dormant and execution may not be issued on the judgment unless it is revived. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (West,

4

Westlaw through Ch. 46, 2015 R.S.). A dormant judgment may be revived by *scire facias* brought not later than the second anniversary of the date that the judgment becomes dormant. *Id.* § 31.006. The effect of section 31.006 is to provide a twelve-year residual limitations period of final judgments. *See Burnett-Dunham v. Spurgin*, 245 S.W.3d 14, 17 (Tex. App.—Dallas 2007, pet. denied).

In determining whether to issue a writ of *scire facias* reviving a judgment, the trial court shall consider the date of the underlying judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive the judgment *scire facias*. *Calde Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.); *Thomas v. Ponnen*, No. 05-00-01233-CV, 2001 WL 755638, at *2 (Tex. App.—Dallas Jul. 6, 2001, no pet.) (mem. op. not designated for publication). In deciding whether a judgment should be revived, the trial court is without discretion to revive a judgment if the statutory requirements to revive a judgment are satisfied. A *scire facias* proceeding is a non-evidentiary hearing for which there is no need for findings of fact and conclusions of law. *Rollins*, 2010 WL 670561, at *2.

Here, Stedman alleged in her application to revive judgment by *scire facias* that: (1) a judgment was rendered against De Paz on September 5, 2000; (2) two unsuccessful writs of execution had been issued on the 2000 judgment, the last writ having been issued April 30, 2001; (3) no other writ was issued before the expiration of ten years from April 30, 2001; (4) the judgment became dormant on April 30, 2011; and (5) the present application was filed prior to April 30, 2013, the second anniversary of the date the judgment became dormant. Construing Stedman's application liberally, looking at its

5

intent, and accepting the factual allegations as true, we hold that Stedman provided fair notice to De Paz that she sought to revive her 2000 dormant judgment against him, pursuant to section 31.006 of the civil practice and remedies code. *See Rollins*, 2010 WL 670561, at *2; *see also Wooley*, 447 S.W.3d at 76. De Paz's factual assertions in his Rule 91a motion to dismiss regarding Stedman's assignment of rights to collect the 2000 judgment are irrelevant in our analysis at this stage of the proceedings because our review requires us to accept Stedman's factual allegations as true.[4] *See Wooley*, 447 S.W.3d at 76. Therefore, because Stedman's application to revive judgment by *scire facias* has a basis in law and fact, it survives dismissal under a Rule 91a motion to dismiss. The trial court erred in ordering her cause of action dismissed and ordering attorney's fees in the amount of $1,500.00. Stedman's sole issue on appeal is sustained.

## III. CONCLUSION

We reverse the trial court's order of dismissal and order of attorney's fees and remand this case for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
2nd day of September, 2015.

---

[4] However, nothing in our holding today prevents De Paz from fully developing and using these factual assertions later in his defense throughout the remainder of these proceedings.

6