

NUMBER 13-15-00377-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CROX QUINTANILLA,                                   **Appellant,**

**v.**

JERRY J. TREVIÑO AND
LAW OFFICE OF JERRY J. TREVIÑO, P.C.,
AND RANDALL BARRERA,                 **Appellees.**

## On appeal from the County Court at Law No. 3
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

Appellant Crox Quintanilla challenges the trial court's dismissal of his suit against appellees Jerry J. Trevino and the Law Office of Jerry J. Trevino, P.C. (collectively "Trevino") and Randall Barrera as baseless under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. We reverse and remand.

# I. BACKGROUND

The underlying dispute arises from a "Full and Final Settlement Agreement and Confidentiality Agreement" (the "Agreement") executed in 2011 by Quintanilla and Barrera. The Agreement provided, among other things, that Barrera was to make sixty monthly payments of $4,000 to Quintanilla and his attorney, René Rodriguez, beginning on January 1, 2012. In October of 2012, Quintanilla and Trevino executed an "Assignment of Contract" under which Quintanilla assigned his interest in the Agreement to Trevino in exchange for $28,000.

Quintanilla filed the instant suit against Barrera and Trevino on February 2, 2015. The suit alleged that Barrera breached the Agreement by failing to make any payments after March 2013. Quintanilla also alleged that Trevino was his attorney at the time he assigned his rights under the Agreement to Trevino, but that Trevino made false representations to him regarding the value of his rights under the Agreement.[1] In particular, Quintanilla asserted that he was entitled to over $200,000 in payments under the Agreement, but that Trevino advised him that there was an "inherent uncertainty of collection" and that Quintanilla should assign his rights under the Agreement "to relieve himself of the time, trouble and difficulty of collection." Quintanilla contends in his suit that there was "no basis" for Trevino to have told him "that there would have been any problems or difficulty in collection" of the amounts due to him under the Agreement. He

---

[1] In a separate lawsuit, trial court cause number 2013-DCV-2066-H, Trevino sued Barrera and Rodriguez, asserting that Quintanilla had assigned his rights under the Agreement to Trevino, and that Trevino was therefore entitled to receive the monthly payments contemplated in the Agreement. Quintanilla intervened in the suit, contending that the assignment was invalid due to fraud. Trevino then non-suited his own claims, but we held that the non-suit did not dispose of Quintanilla's petition in intervention. *See Quintanilla v. Law Office of Jerry J. Trevino, P.C.*, No. 13-15-00105-CV, 2016 WL 1316560, *2–4 (Tex. App.—Corpus Christi Mar. 10, 2016, no pet. h.) (mem. op.).

raised claims of breach of contract, breach of fiduciary duty, fraud by nondisclosure, fraudulent inducement, negligent misrepresentation, and tortious interference with contract.

Trevino filed a motion on March 10, 2015, seeking dismissal of the lawsuit under Rule 91a. *See id.* The motion argued that the Agreement between Quintanilla and Barrera is void and unenforceable because it "was obtained contrary to law and the public policy of the State regarding sharing of fees between lawyers and non-lawyers." *See Plumlee v. Paddock*, 832 S.W.2d 757, 758 (Tex. App.—Fort Worth 1992, writ denied) ("Ordinarily, a contract between an attorney and one not an attorney, providing that the latter shall procure the employment of the former by a third person for the prosecution of suits to be commenced in consideration of a fee to be procured or collected therein, is void as against public policy, independent of statutes prohibiting same.") (quoting *Ford v. Munroe*, 144 S.W. 349, 349 (Tex. Civ. App.—Austin 1912, writ ref'd); *Red v. McComb*, 119 S.W.2d 707, 708 (Tex. Civ. App.—Beaumont 1938, no writ)); *see also* TEX. PENAL CODE ANN. § 38.12 (West, Westlaw through 2015 R.S.) (defining offense of barratry). Trevino's Rule 91a motion also alleged that the assignment of rights by Quintanilla to Trevino "cannot be upheld as a valid assignment." The motion referenced deposition testimony in which Quintanilla agreed that he had been "running" cases for Barrera; i.e., referring clients to Barrera in exchange for monetary compensation. Attached to the motion were copies of the Agreement and the "Assignment of Contract" between Quintanilla and Trevino. Quintanilla filed a response to the motion, which included, among other things, deposition testimony in which he denied that the purpose of the Agreement was to solicit cases or share fees.

3

After a hearing on August 7, 2015, during which both sides offered argument and Trevino's counsel offered testimony as to attorney's fees, the trial court granted Trevino's Rule 91a motion. The final judgment, dated the same day, (1) stated that Quintanilla's claims against Trevino were dismissed because they have no basis in law, (2) stated that Quintanilla's claims against Barrera were dismissed "for failure to allege a recognized cause of action," and (3) awarded $5,500 in attorney's fees to Trevino. This appeal followed.

## II. DISCUSSION

### A. Applicable Law and Standard of Review

Except in a family code or inmate litigation case, a party may move under Rule 91a to dismiss a cause of action "on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. Under the rule, "[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought." *Id.*[2]

A trial court's determination of whether a cause of action has any basis in law and in fact is a legal question that we review de novo, based on the allegations of the live petition and any attachments thereto. *Stedman v. De Paz*, __ S.W.3d ___, No. 13-13-

---

[2] Rule 91a states that a motion brought thereunder must be "granted or denied within 45 days after the motion was filed." TEX. R. CIV. P. 91a.3(c). Here, the final judgment was rendered 150 days after the motion was filed, but states in part: "The Court GRANTS and STAYS the mandatory 45 day requirement as per Texas Rule of Civil Procedure 5 and extends the time to hear the Rule 91a Motion." *See* TEX. R. CIV. P. 5 (stating that, "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion . . . upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act."). We note that the record does not contain any motion requesting an extension of time for the trial court to rule, and the final judgment does not set forth any "good cause" for such an extension of time. *See id.* Nevertheless, Quintanilla does not contend on appeal that the trial court's granting of the motion was erroneous for this reason, and so we do not address the issue. *See* TEX. R. APP. P. 47.1.

4

00595-CV, 2015 WL 5157598, at *2 (Tex. App.—Corpus Christi Sept. 2, 2015, no pet.); *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In making its determination as to whether a cause is baseless, the trial court "may not consider evidence but must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted by the rules. TEX. R. CIV. P. 91a.6; *Stedman*, 2015 WL 5157598, at *2; *Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.).[3]

In our review, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Stedman*, 2015 WL 5157598, at *2. We apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *Id.* (citing *Wooley*, 447 S.W.3d at 76); *see Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.")).

**B. Analysis**

First, Quintanilla notes that Barrera never filed a Rule 91a motion and he argues that the trial court's dismissal of his claims against Barrera was error. We agree. Rule 91a does not permit a trial court to dismiss a cause of action as baseless *sua sponte*. *See* TEX. R. CIV. P. 91a. Accordingly, having filed no Rule 91a motion or any other motion

---

[3] Rule 91a provides generally that the trial court must award costs and reasonable and necessary attorney's fees to the prevailing party in a motion brought under that rule, and it permits the trial court to consider evidence only on the matter of attorney's fees and costs. TEX. R. CIV. P. 91a.6, 91.7.

5

requesting dismissal of the claims made against him, Barrera was not entitled to dismissal.

Next, Quintanilla argues that the trial court erred in dismissing his claims against Trevino under Rule 91a because "there are no allegations contained in the pleadings or the [Agreement] that allow a basis to conclude, or even reasonably surmise, that it is predicated on the illegal activity of fee sharing . . . ." Again, we agree. As noted, when determining whether a cause of action is baseless, a trial court may not consider evidence, but must decide the motion based solely on the pleading, along with any properly attached exhibits. TEX. R. CIV. P. 91a.6. Quintanilla's petition, as contained in the record before this Court, does not include a copy of the Agreement as an exhibit, nor does it include any other properly attached exhibits. Therefore, the trial court was permitted to consider only the allegations made in the petition. *See id.* Trevino does not direct us to any language within the petition itself indicating that the Agreement was void as against public policy, and we find none. Instead, Trevino relies on Quintanilla's deposition testimony and Quintanilla's counsel's acknowledgment at the hearing that Quintanilla was "running cases" for other attorneys. But this constitutes evidence which, pursuant to the rule, the trial court was barred from considering. *See id.*

Trevino contends that the trial court may have reasonably inferred from the petition that the Agreement was void as against public policy. *See* TEX. R. CIV. P. 91a.1 ("A cause of action has no basis in law if the allegations, taken as true, *together with inferences reasonably drawn from them* do not entitle the claimant to the relief sought." (emphasis added)). We disagree. The trial court could not have reasonably inferred, solely from the allegations made in the petition, that the Agreement was void. Further development of

6

the evidence may or may not prove that to be the case, but it is not evident solely from Quintanilla's petition.

For the foregoing reasons, we conclude that the trial court erred in granting Trevino's Rule 91a motion and in dismissing Quintanilla's claims against Trevino and Barrera.

## III. CONCLUSION

The trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
14th day of April, 2016.